IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

BARBARA ALLRED, et al.,

    Plaintiffs,

vs.                                                      Civ. No. 96-1113 MV/WWD

MINNESOTA MINING AND MANUFACTURING
CORPORATION, et al.,

    Defendants.

MEMORANDUM OPINION AND ORDER

      This matter comes before the Court upon "Plaintiffs' Motion for Leave to Serve Requests for Production of Documents, or, in the Alternative, for the Court to Order an *In Camera* Inspection" filed December 18, 1998 [docket no. 20]. Plaintiffs seek leave to serve a request for production of the depositions of Drs. Kulig, Williams, and Zeigler, which were taken in <u>Bristol-Myers Squibb Co. v. AIU Insurance Company, et al.</u>, No. A145672, a declaratory judgment action in Harris County, Texas. Alternatively, Plaintiffs request that the Court make an *in camera* inspection of those depositions. The depositions are presently sequestered under a protective order which was entered in the Harris County litigation. Plaintiffs rely on <u>Baker, et al. v. General Motors Corp.</u>, ___ U.S. ____, 118 S.Ct. 657 (1998). In <u>Baker</u>, the United States Supreme Court refused to allow one state court to decree that a witness' testimony should not be given in any other Court of the United States. The Supreme Court found that the witness could testify in a Missouri wrongful death action without offending the full faith and credit requirement of the United States Constitution. This was notwithstanding the existence of a stipulated injunction in a Michigan court which purported to keep the witness from "testifying without the prior written consent of [GM] ... as ... a witness of any kind ... in any litigation already filed, or to

-1-

be filed in the future, involving [GM] as an owner, seller, manufacturer and/or designer ...." Pointing out that "[a]n order protecting the confidentiality of information produced in a particular case is quite different from an order seeking to preclude a witness from testifying in any court at any time in the future", Defendants seek to distinguish the situation in Baker from that with which we are faced.

*Discussion*

I do not find that the Baker case has the reach given it by Plaintiffs. Here there is no attempt to silence the witnesses involved. The only material which cannot be reached is certain recorded testimony in connection with a particular lawsuit. While it is possible that these depositions could be used for impeachment of the witnesses if their testimony were to vary from that previously given; there is no indication that any such variations exist. Defense counsel asserts that no such variations exist. Protective orders and documents sealed by the Court would have little or no sanctity if they could be reached by discovery in other litigation any time the requisite showing of possible relevance could be made. While the motivation for sealing records may not always be lofty, I will indulge the presumption of rectitude when considering the propriety of a court order. The proper place to attack the protective order involved here is in the court in Harris County, Texas.

**WHEREFORE,**

**IT IS ORDERED** that Plaintiffs' Motion for Leave to Serve Requests for Production of Documents, or, in the Alternative, for the Court to Order an *In Camera* Inspection be, and it is hereby, **DENIED.**

_____
UNITED STATES MAGISTRATE JUDGE